Fichtner v. Fichtner's Assignee.

CASE 55—PETITION EQUITY—MARCH 14.

# Fichtner v. Fichtner's Assignee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

LUNATIC MARRIED WOMAN—SALE OF INCHOATE RIGHT OF DOWER.—Under the statute providing for the sale and conveyance of the inchoate right of dower of married women who are confirmed lunatics, the bond required to be executed by the husband secures to the wife the present value of her inchoate right of dower, which "becomes complete," within the meaning of the statute, when the sale is made under the judgment and perfected by a conveyance depriving her of all right in the land. And in estimating the value of the wife's inchoate right, the amount of a mortgage on the land in which she has united with the husband should be deducted from the value of the land.

A. L. DEMBITZ FOR APPELLANT.

1. According to the provisions of the statute the bond should secure to the wife either one-third of the land's value, this sum to be enjoyed only during her life; or else it should cover 22.71 per cent. of the land's value, being the value of the dower interest of a widow of forty-four, to be paid to her absolutely at her husband's death, if he should die right off, but to be diminished if he dies later, according to her advance in age.

2. In construing statutes the real intention of the Legislature should control, and no statute should be so construed as to be inconvenient or against

Fichtner v. Fichtner's Assignee.

reason. (Dwarris on Statutes, p. 690; Galloway's Heirs v. Webb, Hardin, 325; Bailey v. Commonwealth, 11 Bush, 689; Brown v. Miller, 4 J. J. Mar., 474; Williams v. Commonwealth, 78 Ky., 97; Harrison v. Commonwealth, 81 Ky., 163; Barbour v. City of Louisville, 81 Ky., 97.)

3. Statutes are to be construed according to the principles of the common law. It is not to be presumed that it was intended to make any further innovation upon the common law than the case absolutely required. (Pendleton v. Bank of Kentucky, 2 J. J. Mar., 249; Dwarris on Statutes, p. 695), and this rule is not altered by section 16 of chapter 21, Gen. Stats.

4. Statutes should not be construed so as to divest vested rights. (Dash v. Van Kleek, 7 Johns., 477.)

5. The table in Lancaster v. Lancaster, 78 Ky., is applicable only where the wife is bought out in cash on the spot.

6. Even conceding that the judgment gives appellant the money immediately, it is not authorized by the statute. The wife's right does not become "complete" within the meaning of the statute until the husband's death. (Washburne on Real Property, pages 146, 249.)

7. In estimating the value of appellant's dower, it was error to subtract the amount of the mortgage from the value of the property. (Harrow v. Johnson, 3 Met., 578; Barker v. Barker, 17 Mass., 564; Henagan v. Harllee, 10 Rich (S. C.), 285; Eaton vs. Simonds, 14 Pick., 98.)

BROWN, HUMPHREY & DAVIE AND MARSHALL & LOCHRE FOR APPELLEES.

1. The act of 1878, providing for the sale of the inchoate right of dower of lunatics, is constitutional. (Gosson v. MacFerran, 79 Ky., 236.) Before the husband's death, and while the right to dower is inchoate only, the Legislature has full power to provide for increasing, modifying, abolishing or selling it. (Barbour v. Barbour, 46 Maine, 9; Noel v. Ewing, 9 Indiana, 37; Lucas v. Sawyer, 17 Iowa, 517; Cooley's Const. Lim., 361; Hammond v. Pennock. 61 N. Y., 158; Bennet v. Harmes, 51 Wis., 258.)

2. It has been held, that even in the absence of any statutory provision, a court of equity can make a sale for partition, and pass the title free of an inchoate right of dower, by compelling the married woman to join with her husband in a transfer of her inchoate right. (Jackson v. Edwards, 7 Paige, 389.)

3. There is a wide and recognized difference in the values, and in the methods of calculating the values, of an inchoate or contingent right of dower, and of a completed or vested estate of dower. (Lancaster v. Lancaster, 78 Ky., 198; Ward v. Crotty, 4 Met., 60; Jackson v. Potter, 6 Ky. Law Rep., 518; Jackson v. Edwards, 7 Paige, 408; Bartlett v. Van Zandt, 4 Sandf. Chy., 396; Hazelrigg v. Hutson, 18 Indiana, 481.)

4. The tables for calculating the value of a vested dower right are given at the front of 3 Bush; those for calculating the value of an inchoate right are given in 78 Ky., 198, and in Gen. Stats., 738.

5. The said act of 1878, in providing that the lunatic married woman shall be paid "the value of her inchoate right of dower in the land, should such right thereafter become complete," means that she is to be paid only the present value of her inchoate or contingent right of dower; and said value is to be paid her at once, that it may be applied to her present needs. (Acts 1878; volume 1, page 52.)

6. There being a mortgage on the property, it was proper to deduct its amount from the value of the property, and to calculate the value of the inchoate dower in the balance only. (Gen. Stats., chapter 52, article 4, section 5, page 739.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

John Fichtner, the husband of the appellant, Catherine Fichtner, being involved in debt, made an assignment of all his estate for the benefit of creditors, and by the terms of the deed much valuable real estate passed to the assignee. Fichtner and his assignee, Lochri, having sold several parcels of the land under executory contracts, filed this petition in the Louisville Chancery Court asking a sale and conveyance of the inchoate right of dower of the appellant in this land so as to make a perfect title. In the petition it is alleged that the wife (Catherine) is a confirmed lunatic and has been so adjudged by the Jefferson Circuit Court, and this proceeding is had under an act of the Legislature approved March 14, 1878, providing for *the sale and* conveyance of the inchoate right of dower of married women who are confirmed lunatics. (General Statutes, page 325.) The act provides in express terms that whenever a married woman is a confirmed lunatic the circuit or chancery court of the county where the land is situated may, on the petition of the husband, *adjudge the sale and conveyance of the inchoate right of dower.* The wife was made a defendant with the proceed-

ings all regular, and the land sold in the manner provided by the act, and conceding the power of the Legislature, which we think is unquestioned, to pass laws regulating the sale of such property belonging to those who are under the parental care of both the Legislature and the Chancellor, it is only necessary to determine the single question presented in this case, that arises from a construction given the last clause of section 3 of the act by the court below. That clause provides : " Before any judgment shall be rendered in pursuance of the provisions hereof, the husband shall, before said court, execute with sufficient surety a covenant to the Commonwealth for the benefit of his wife, that she shall be paid the value of her inchoate right of dower in said land, should such right thereafter become complete, and to perform all orders of the court in the premises—such covenant and surety shall be approved by the court." The case was referred to the commissioner with directions to ascertain the present value of the wife's inchoate right of dower in the land sold by the husband and his assignee, and the commissioner reported back its value at nine hundred and eighty-six dollars. It is insisted by counsel for the wife that the bond to be given by the husband, required by the statute, secures, or should secure, to the wife the value of her dower in the estate conveyed in the event she survives her husband; in other words, she is to be paid the value of her dower now inchoate when the same thereafter becomes complete. If she survives the husband she takes as widow the value of her dower in money instead of the land itself, and dying before the husband, she takes nothing.

While there is some reason for urging such a construc-

tion, on account of the awkward manner in which the clause in question is framed, we are satisfied, in looking to the object to be accomplished, in connection with the power conferred on the Chancellor, such is not a correct interpretation of the legislative intent.

The Chancellor is empowered to sell and convey *the inchoate right of dower*, and when sold, in order to pass this right, the committee, if the lunatic has one, if not, the commissioner, as the act provides, *shall unite with the husband*, as the wife would if *sui juris*, in conveying her inchoate right in the land. The committee or commissioner represents the wife, passing her potential right, and the husband passing the fee. The effect is to enable the Chancellor to have executed to the vendee such a conveyance as the husband and wife could make if the wife was of sound mind.

The act further provides that the deed executed by the husband and the committee or commissioner *shall pass the inchoate right of dower*. It is manifest, therefore, that the purchaser acquires by such a conveyance all the right that he would or could have acquired if the wife had been *sui juris*.

The question then arises, is the wife entitled to the present value of her inchoate right, or must she wait until the happening of her *surviving* the husband before she can assert any claim by reason of the sale by the Chancellor? The stipulation of the bond following the statute is, that *she shall be paid the value of her inchoate right of dower* in the land, and not the value of her dower in the event she survives her husband. She shall be paid that value *should such right thereafter be complete*. It might be argued, that the sum fixed as the value is

not to be paid until the wife becomes discovert by the death of the husband, but such a construction would, in effect, deprive the wife of any present interest in the proceeds of a sale that estops her from asserting her right to dower at the death of her husband, and is as unreasonable as allowing her, as against the husband and his sureties on his bond, the full value of her dower at her husband's death, when its stipulation is that she *shall be paid the value of her inchoate right.* When did her right become complete ? The response is : When the sale was made under the judgment and perfected by a conveyance depriving her of all right in the land. Before a judgment is rendered the bond is signed, payable to the Commonwealth, securing to the wife the value of what she parts with. This value you agree to pay the wife should such right thereafter be complete; so, whether the purchaser complies with his bid or not, the wife is made secure by the execution of a bond when her right is sold and conveyed. It then becomes complete, and she or her committee at once entitled to the money. The wife, whether the husband is solvent or insolvent, may insist upon having set apart to her the value of this potential right. It has been often approved by this court, and in many cases held to be a fair equivalent as against creditors, for property passed to the wife by the husband in consideration of her relinquishment. If the wife had been of sound mind when this proceeding was had, she would have been equitably entitled, as against creditors, to the value of this potential right in the attempt, for their benefit, to perfect the title of the purchaser. It has a fixed or ascertainable value, and the Chancellor, under this statute, is authorized to do that

which the wife, if sane, could have done, first securing to the lunatic the value of that right the purchaser obtained under the sale and conveyance. The money is the property of the wife; may be used and disposed of for her benefit through or by some one authorized to act for her, and in such use the Chancellor will see that her rights are protected. (Lancaster v. Lancaster's trustees, 78 Ky., 198.)

There was an incumbrance on the realty sold, by way of mortgage, for five thousand dollars, and to this extent the wife, when sane, had relinquished her dower. This was deducted, and, we think, properly, from the value of the land when determining the value of the potential right of dower, and the mere fact that the relinquishment was to the one creditor or grantee can make no difference. That mortgage debt has to be satisfied out of an insolvent estate, and to that extent the dower is gone, and the amount should be subtracted from the value of the entire land. The mortgage is only a lien, but still its foreclosure carries with it all the right of the wife to the extent that the land may be sold to satisfy it, and, therefore, the wife is only entitled to compensation out of the land left.

We construe the judgment below as vesting in the wife the absolute right to the monied value fixed on her potential right, and must therefore affirm the judgment.